IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JONATHAN HARMON, et al.** | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-16-0390 |
| **FEDERAL INTERIORS GROUP, LLC, et al.** | * | |
|  | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION TO FACILITATE IDENTIFICATION AND NOTIFICATION OF SIMILARLY SITUATED EMPLOYEES (ECF No. 21). The Defendants have filed their RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION (ECF No. 23). The Court has carefully considered these papers as well as the relevant statute and case law.

The standard that Plaintiffs must meet is relatively lenient. "Similarly situated" is a somewhat flexible concept. The parties have referred the Court to opinions authored by other judges in this circuit wrestling with the indefinite nature of the concept. Here the contention is that there are several other (perhaps 8-10) "installers" who performed the same duties as did Mr. Harmon, and that all were routinely deprived of the pay to which they were entitled under the Fair Labor Standards Act.

The Court finds that the lenient standard at this early, conditional stage has been met. The Court will conditionally certify a collective action, but only on behalf of those other installers who performed all of the following duties:

(1) Loading disassembled furniture and equipment onto a truck;

(2) Transporting such furniture and equipment to a worksite;

(3) Assembling and installing the furniture to a customer's specifications.

Workers whose duties did not include all of these tasks, or included additional tasks, are inappropriate for inclusion in this collective action as they would not be "similarly situated."

Accordingly, the Plaintiffs' Motion (ECF No. 21) is GRANTED, as limited above. On or before November 15, 2016, the Defendant shall produce to Plaintiffs' counsel a list detailing the full name, last known residential address, last known work address, last known telephone number, and last known email address for each individual whose employment with the Defendants meets the criteria listed above. Further, on or before November 15, 2016, counsel for the parties shall meet and confer and jointly draft a notice to be circulated by Plaintiffs to the identified employees. On or before November 22, 2016, the parties shall submit the jointly agreed notice to the Court for its approval for circulation. The notice shall make appropriate provision for the completion and collection of signed opt-in forms, etc. The notice will expressly describe the workers who may potentially "opt-in" by quoting the job duty parameters noted earlier in this Memorandum and Order. Finally, the Court notes that it will follow the customary two step certification process and will entertain "decertification" motions after discovery has been completed.

DATED this 24th day of October, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge