IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN HARMON *et al.*,      *

    Plaintiffs      *

v.      *      CIVIL NO. JKB-16-0390

FEDERAL INTERIORS GROUP, LLC,      *
*et al.*
       *

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is the parties' Joint Motion for Judicial Approval of Settlement. (ECF No. 41.) The Court requires supplementation and clarification before it can approve the settlement. The primary problem with the motion is that it fails to provide the detail regarding the requested attorney's fees, as the parties were directed in the Court's Memorandum to Counsel, September 13, 2016, to provide. (ECF No. 22.) "The Court needs to see documentation of the hours expended, broken down for each task, and supporting information as to the reasonableness of the hourly rate charged." *Id.* (citing *Pearson v. Prof'l 50 States Prot., LLC*, Civ. No. JKB-09-3232, 2012 U.S. Dist. LEXIS 90714, at *3-4 (D. Md. June 28, 2012)). The motion, as submitted by the parties, only gives a total number of hours, broken down only as to whether they were billed by an attorney or by a paralegal, and the hourly rate. That is insufficient. The parties shall resubmit the motion giving heed to the directives of the September 13, 2016, Memorandum to Counsel.

One other aspect that the Court has noticed is that the motion refers to liquidated damages (Mot. Supp. Mem. 5, 6), but the settlement does not include any liquidated damages, as

might be considered typical in a Fair Labor Standards Act case.  The Court asks the parties to clarify that the omission of liquidated damages from the settlement was an intentional act of the Plaintiffs.

Otherwise, the settlement appears to be fair.  Accordingly, the Court will hold the motion in abeyance for fourteen days pending receipt of the parties' additional submissions.

SO ORDERED.

DATED this 31st day of May, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge